IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**UNITED STATES OF AMERICA,**

**vs.**

Case No. 4:92cr4013-WS
Case No. 4:06cv31-WS/WCS

**EGNATIUS JOHNSON,**

    **Defendant.**

_____/


## REPORT AND RECOMMENDATION ON RULE 60(b) MOTION

    Defendant Johnson filed a "Request for Relief from the Judgment for Correction of Structural Error, a Manifest Injustice, and Extraordinary Circumstances Pursuant to Rule 60(b)(6), of the Federal Rules of Civil Procedure."  Doc. 1689.

    Defendant previously filed a 28 U.S.C. § 2255 motion which was summarily dismissed with prejudice as untimely.  Docs. 1235 (report and recommendation), 1239 (adopting order), 1268 (denying a certificate of appealability and leave to proceed in forma pauperis on appeal) and 1296 (mandate of Eleventh Circuit).

    Defendant now seeks relief from his conviction and sentence, citing (*inter alia*) Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000), Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 2537, 159 L.Ed.2d 403

(2004), and United States v. Booker, 543 U.S. 200, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).  Defendant asks that the judgment be vacated and that further proceedings be had to correct the error.  Doc. 1689, pp. 15,18, 24-25.[1]

"Rule 60(b) simply does not provide for relief from judgment in a criminal case." United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998); United States v. Fair, 326 F.3d 1317, 1318 (11th Cir. 2003) (quoting Mosavi).  A Rule 60(b) motion containing one or more "claims" for relief, *i.e.*, "an asserted federal basis for relief from a . . . judgment of conviction," is essentially a second or successive motion (or at least similar enough to one) and therefore subject to the limitations on filing such motions.  Gonzalez v. Crosby, 545 U.S. __, 125 S.Ct. 2641, 2647-48, 162 L.Ed.2d 480 (2005) (citations omitted) (allowing Rule 60(b) to present new claims, a new rule of constitutional law, or newly discovered facts, "would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar.  § 2244(b)(3).").

As the purported Rule 60(b) motion expressly seeks relief from the original judgment, it should be construed as a second or successive § 2255 motion.[2]  The

---

[1] Defendant actually asks that his judgment be vacated and the case be remanded or ordered back to the district court for further proceedings.  This court is the district court, and it does not appear that Defendant intended to file his motion elsewhere.  Doc. 1689, p. 1 (referencing this court and case number in the style of the motion).  The request is construed as asking this court to vacate the judgment and to hold further proceedings.

[2] "[N]othing the Supreme Court said or did in [Castro v. United States, 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003)] implies that the § 2244(b) restrictions can be evaded by the simple expedient of labeling second or successive filings to be something they are not."  Gonzalez v. Secretary for the Dept. of Corrections, 366 F.3d 1253, 1277, n. 10 (11th Cir. 2004) (en banc); affirmed (using a different analysis) in Gonzalez v. Crosby, 545 U.S. __, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005); Jackson v.

dismissal of the initial § 2255 motion as untimely "counts," and renders this a second or successive motion.  See, Villenueva v. United States, 346 F.3d 55, 59-61 (2d Cir. 2003), *cert. denied,* 542 U.S. 928 (2004) (collecting cases, holding "that a habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes."); Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003) (holding "that a prior untimely petition does count because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims."). *Compare* Pavlovsky v. VanNatta, 431 F.3d 1063, 1064-65 (7th Cir. 2005) (noting the general rule that dismissal as untimely is generally on the merits and bars relitigation, but where previous § 2254 petition was dismissed *expressly* without prejudice as untimely, the petitioner "may have been lulled into thinking he didn't have to appeal" the dismissal).

    Defendant must obtain an order from the court of appeals authorizing this court to consider a second or successive motion.  § 2255 (referencing § 2244); § 2255 Rule 9(b).  Absent authorization, this court lacks jurisdiction to consider a second or successive motion.  United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005), *citing* Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) (2255 motion).

    Finally, it is noted that the Supreme Court recently granted certiorari as to the retroactive application of Blakely and Booker.  Burton v. Waddington, 142 Fed. Appx.

---

Crosby, 437 F.3d 1290, 1294-95 and n. 6 (11th Cir. 2006) (noting that the Supreme Court did not disturb the full en banc decision in Gonzalez).  *See also* United States v. Lloyd, 398 F.3d 978, 980 (7th Cir.2005) ("[a] captioning error in a successive collateral proceeding cannot cost the prisoner any legal entitlement, so *Castro*'s warn-and-allow-withdrawal approach does not apply.").

Case Nos. 4:92cr4013-WS and 4:06cv31-WS/WCS

297 (9th Cir. 2005) (not published in the Federal Reporter), *cert. granted*, __ S.Ct. __, 2006 WL 393368 (June 5, 2006). If and when a new rule of constitutional law, previously unavailable, is "made retroactive to cases on collateral review by the Supreme Court," leave for filing a second or successive motion is expressly authorized, but such leave must still be obtained from the court of appeals. § 2255 (incorporating § 2244). If authorization for filing in this court is ever granted, Defendant's claim will most likely be time barred. Dodd v. United States, 545 U.S. 353, __, 125 S.Ct. 2478, 2483, 162 L.Ed.2d 343 (2005) ("because of the interplay between ¶¶ 8(2) and 6(3) [of § 2255], an applicant who files a second or successive motion seeking to take advantage of a new rule of constitutional law will be time barred except in the rare case in which this Court announces a new rule of constitutional law and makes it retroactive within one year.").

It is therefore respectfully **RECOMMENDED** that Defendant's Request for Relief (doc. 1689) be **SUMMARILY DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on June 28, 2006.

    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case Nos. 4:92cr4013-WS and 4:06cv31-WS/WCS