IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**UNITED STATES OF AMERICA,**

                                                             **Case No. 4:92cr4013-WS**
vs.                                                **Case No. 4:07cv414-WS/WCS**

**EGNATIUS JOHNSON,**

      Defendant.

_____/


### REPORT AND RECOMMENDATION ON § 2255 MOTION

Defendant Johnson filed a "Request for the Original Writ of Habeas Corpus for the Execution of Conviction and Sentence" in the Middle District of Florida, which is the district of his confinement.  The court determined this request properly proceeded as a 28 U.S.C. § 2255 motion, and transferred it to this court as the sentencing court.  Docs. 1758 (motion) and 1758-3 (order of transfer).

Defendant previously filed a 28 U.S.C. § 2255 motion which was summarily dismissed with prejudice as untimely.  Docs. 1235 (report and recommendation), 1239 (adopting order), 1268 (denying a certificate of appealability and leave to proceed in forma pauperis on appeal) and 1296 (mandate of Eleventh Circuit).  He must therefore

Page 2 of 5

obtain an order from the court of appeals authorizing this court to consider a second or successive motion. § 2255 (referencing § 2244); § 2255 Rule 9(b).

Defendant Johnson previously filed a Fed.R.Civ.P. 60(b) motion which was construed as an unauthorized second or successive § 2255 motion and summarily denied. Docs. 1709, 1716, and 1717 (report and recommendation as adopted by the court, and judgment entered on the docket on August 4, 2006) (incorporated herein by reference). The court noted that Rule 60(b) did not provide for relief from judgment in a criminal case, that Defendant expressly sought relief from the original judgment (rather than judgment in the initial proceeding), and that he could not evade the restrictions on second or successive motions by labeling his motion as something else. Doc. 1709, p. 2 and n. 2 (citations omitted). The court also explained that dismissal of the initial § 2255 motion as untimely "counted" for purposes of deeming a subsequent motion second or successive. *Id.*, pp. 2-3 (collecting cases). The court finally noted that, even if the rationale of United States v. Booker, 543 U.S. 200, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (as raised in the 60(b) motion) was ever made retroactive on collateral review, leave for filing a second or successive § 2255 motion would still be required. *Id.*, pp. 3-4.[1]

In another apparent attempt to evade the authorization requirement for successive filings, Defendant specifically states that the current motion should not be

---

[1] The undersigned noted that the Supreme Court had granted certiorari on the retroactivity question. Doc. 1709, pp. 3-4 (citation omitted). But the Court ultimately did not decide whether Blakely (*see* n. 3, *infra*), decided a new rule retroactively applicable on collateral review, finding instead that the district court lacked jurisdiction as petitioner Burton was never authorized to file the second or successive petition. Burton v. Stewart, __ U.S. __, 127 S.Ct. 793, 794, 166 L.Ed.2d 628 (2007) (per curiam).

Case Nos. 4:92cr4013-WS and 4:07cv414-WS/WCS

construed as a § 2255 motion, and that he does not give his consent for recharacterization of the motion. Doc. 1758, p. 1. Although the court must provide warning before recharacterizing a pleading as an initial § 2255 motion under <u>Castro v. United States</u>, 540 U.S. 375, 383, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003), "nothing the Supreme Court said or did in that case implies that the § 2244(b) restrictions can be evaded by the simple expedient of labeling second or successive filings to be something they are not." <u>Gonzalez v. Secretary for the Dept. of Corrections</u>, 366 F.3d 1253, 1277, n. 10 (11th Cir. 2004) (en banc); *affirmed with different analysis* <u>Gonzalez v. Crosby</u>, 545 U.S. __, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005).[2] *See also* <u>United States v. Nelson</u>, 465 F.3d 1145, 1149 (10th Cir. 2006) (reason for the restriction on recharacterization does not apply where a § 2255 motion was already filed; "any future motion will be subject to the same constraints whether it is a second § 2255 motion or a third."); <u>United States v. Lloyd</u>, 398 F.3d 978, 980 (7th Cir. 2005) ("[a] captioning error in a successive collateral proceeding cannot cost the prisoner any legal entitlement, so *Castro*'s warn-and-allow-withdrawal approach does not apply."). *See* doc. 1709, pp. 3-4, n. 2 (quoting the same language from <u>Gonzalez</u> and <u>Lloyd</u>, other citations omitted).

---

[2] It is noted that Defendant could conceivably have filed a habeas corpus petition (rather than a § 2255 motion) under the "savings clause" of § 2255, allowing a habeas petition filed by a prisoner authorized to seek relief under § 2255 *only* if "it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." § 2255; <u>Wofford v. Scott</u>, 177 F.3d 1236, 1244 (11th Cir. 1999). The savings clause applies to a claim which is based upon a retroactively applicable Supreme Court decision, which establishes the petitioner was convicted for a nonexistent defense, and circuit law squarely foreclosed making the claim at the time of petitioner's trial, appeal, or first § 2255 motion. *Id.* It does not exist simply to avoid the restrictions on filing a second or successive motion. *Id.*, at 1245.

Case Nos. 4:92cr4013-WS and 4:07cv414-WS/WCS

Defendant's claims here, like the attempted Rule 60(b) motion, are also based on the rationale of Booker and related cases.[3]  Defendant claims that he was erroneously informed that he faced ten years to life, when he actually faced zero to twenty years, the statutory maximum for the offense as alleged in the indictment, without regard to drug quantity under 18 U.S.C. § 841(b)(1)(C).  Doc. 1758, pp. 6-11.  He asserts this was a fundamental defect inherently resulting in a miscarriage of justice, and his sentence in excess of 20 years was reversible per se and the court lacked jurisdiction to impose it.  *Id.*, pp. 12-14.  He asserts that the court failed to make factual findings as to drug type and quantity, and that he was sentenced for crack cocaine though it was not charged in the indictment, the Government failed to prove the substance was crack cocaine, the jury was not instructed regarding crack cocaine, and did not determine his guilt on this issue.  *Id.*, pp. 16-20.

Defendant has not been granted authorization for filing, and this second or successive § 2255 motion must be summarily dismissed.

---

[3] In Apprendi, the Court "confirm[ed] the opinion that we expressed in [Jones v. United States, 526 U.S. 227, 243, n. 6, 119 S.Ct. 1215, 1224, n. 6, 143 L.Ed.2d 311 (1999)].  Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000).  in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 2537, 159 L.Ed.2d 403 (2004) (the Court applied Apprendi to a sentence enhanced under state sentencing guidelines; and in United States v. Booker, 543 U.S. 200, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the Court applied Apprendi and Blakely to the Federal Sentencing Guidelines.

Case Nos. 4:92cr4013-WS and 4:07cv414-WS/WCS

It is therefore respectfully **RECOMMENDED** that Defendant's Request for Relief (doc. 1758) be **SUMMARILY DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on October 4, 2007.


s/   William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**